UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
(ORANGEBURG DIVISION)

| | |
|---|---|
| Jermaine Haynes, Francis Crawford, Vinquandrae Hallman, Lashawn Martin, Frederick Perry, Carey Ryant, and Kevin Williams,<br><br>Plaintiffs,<br><br>v.<br><br>Southern Carolina Waste, LLC d/b/a SC Waste,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT**<br>**(Fair Labor Standards Act)**<br><br>**Jury Trial Requested** |

1.   Plaintiffs Jermaine Haynes, Francis Crawford, Vinquandrae Hallman, Lashawn Martin, Frederick Perry, Carey Ryant, and Kevin Williams (collectively, "Plaintiffs") are current and former employees of Defendant Southern Carolina Waste, LLC d/b/a SC Waste ("Defendant") and they bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to recover from Defendant's unlawful failure to pay overtime compensation for all hours worked over 40 in a workweek.

2.   Plaintiffs submit this complaint and request the court award backpay, liquidated damages, attorney's fees and costs, as well as any other legal and equitable relief available under the FLSA, 29 U.S.C. § 201, *et seq.*, to all named plaintiffs.

3.   Plaintiff Perry also seeks to proceed individually under Section 215(a)(3) of the FLSA to recover from Defendant's unlawful discharge in retaliation for exercising his FLSA rights. Plaintiff Perry requests the court award punitive damages, lost wages, liquidated damages, attorney's fees and costs, as well as any other legal, injunctive and equitable relief available under the FLSA, 29 U.S.C. § 201, *et seq.*

1

**JURISDICTION AND VENUE**

4. This Court has original jurisdiction over the FLSA claims through 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1337(a) (actions arising under acts of Congress related to commerce).

5. Venue in this District is proper pursuant to 28 U.S.C. § 1391.

**PARTIES**

6. Plaintiffs have given their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. § 216(b) of the FLSA. Such written consent is appended to this Complaint as Exhibit A.

7. Plaintiff Jermaine Haynes is a natural person residing in Orangeburg County, South Carolina. Plaintiff Haynes worked for Defendant from around October 2020 to February 2021. At all times relevant herein, Plaintiff Haynes was an "employee" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

8. Plaintiff Francis Crawford is a natural person residing in Barnwell County, South Carolina. Plaintiff Crawford worked for Defendant from around June 2020 to February 2021. At all times relevant herein, Plaintiff Crawford was an "employee" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

9. Plaintiff Vinquandrae Hallman is a natural person residing in Calhoun County, South Carolina. Plaintiff Hallman has worked for Defendant from around March 8, 2021 to the present. At all times relevant herein, Plaintiff Hallman was and continues to be an "employee" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

10. Plaintiff Lashawn Martin is a natural person residing in Lexington County, South Carolina. Plaintiff Martin has worked for Defendant from around February 5, 2021 to the present.

At all times relevant herein, Plaintiff Martin was and continues to be an "employee" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

11.     Plaintiff Frederick Perry is a natural person residing in Orangeburg County, South Carolina. Plaintiff Perry worked for Defendant from around January 18, 2021 to May 17, 2021. At all times relevant herein, Plaintiff Perry was an "employee" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

12.     Plaintiff Carey Ryant is a natural person residing in Bamberg County, South Carolina. Plaintiff Ryant has worked for Defendant from around March 1, 2021 to the present. At all times relevant herein, Plaintiff Ryant was and continues to be an "employee" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

13.     Plaintiff Kevin Williams is a natural person residing in Dorchester County, South Carolina. Plaintiff Williams worked for Defendant from around January 20, 2019 to the present. At all times relevant herein, Plaintiff Williams was and continues to be an "employee" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

14.     On information and belief, Defendant Southern Carolina Waste, LLC d/b/a SC Waste is a waste hauling company located at 212 Endicott Ct., Orangeburg, SC 29118. Business records show it also has a physical address at 1391 Moore Road, Orangeburg, SC 29118.

15.     At all times material to this action, Defendant has been an enterprise engaged in commerce as defined by 29 U.S.C. § 203(r)(1), with an annual dollar business volume in excess of $500,000. At all times material herein, Defendant has actively been conducting business in South Carolina.

16.     Defendant is, and at all times material has been, an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

**FACTS**

17. Defendant is a waste hauling company that offers dumpster rentals and waste pick-up to individuals and businesses within South Carolina.

18. Defendant employs Plaintiffs and others similarly situated drivers to transport and drop off the empty dumpsters to customers and then pick up the dumpsters filled with waste and empty them at a dump and/or landfill located near Defendant's principal place of business in Orangeburg, South Carolina.

19. Plaintiffs and similarly situated drivers are nonexempt FLSA employees. Plaintiffs and similarly situated drivers will never cross state lines and will always dispose of waste in the dump and/or landfill located in Orangeburg, South Carolina.

20. Although Defendant has a high turnover rate among drivers, it employs around 15 drivers at any one time. All drivers, including Plaintiffs, perform the same dumpster-transport and waste disposal duties and are paid an hourly wage. Drivers work an average of 60 hours per week.

21. At all times relevant herein, Defendant failed to pay Plaintiffs and other similarly situated drivers overtime at 1.5 times their regular rates of pay for any hours worked over 40 each workweek. Defendant only paid Plaintiffs and other similarly situated drivers straight time for all hours worked, even if they exceed 40 hours in a workweek. For Plaintiffs and other similarly situated drivers that are current employees, these pay violations are continuing and ongoing.

22. Plaintiff Jermaine Haynes is a former employee who worked for Defendant as a driver from around October 2020 to February 2021. During this time, he earned an hourly wage around $17.00. Throughout his employment Plaintiff Haynes worked between 50 and 70 hours per week, and averaged around 60 hours per week. Despite consistently working over 40 hours each workweek, Defendant failed to pay Plaintiff Haynes time and one-half overtime for all hours over

40. Around November 2020, Plaintiff Haynes noticed he was not getting paid for any overtime hours and notified Defendant. Defendant informed him that he would only be paid his straight time hourly rate for all hours worked.

23. Plaintiff Francis Crawford is a former employee who worked for Defendant as a driver from around June 2020 to February 2021. During this time, he earned an hourly wage around $18.00. Throughout his employment Plaintiff Crawford worked between 48 and 65 hours per week, and averaged around 60 hours per week. Despite consistently working over 40 hours each workweek, Defendant failed to pay Plaintiff Crawford time and one-half overtime for all hours over 40.

24. Plaintiff Vinquandrae Hallman is a current employee who has worked for Defendant as a driver from around March 8, 2021 to the present. Plaintiff Hallman earns an hourly wage around $17.00. Plaintiff Hallman works between 50 and 70 hours per week, and averages around 60 hours per week. Despite consistently working over 40 hours each workweek, Defendant failed to pay, and continues to fail to pay, Plaintiff Hallman time and one half overtime for all hours over 40.

25. Plaintiff Lashawn Martin is a current employee who has worked for Defendant as a driver from around February 5, 2020 to the present. Plaintiff Martin earns an hourly wage around 18.00. Plaintiff Martin works between 50 and 70 hours per week, and averages around 65 hours per week. Despite consistently working over 40 hours each workweek, Defendant failed to pay, and continues to fail to pay, Plaintiff Martin time and one-half overtime for all hours over 40.

26. Plaintiff Frederick Perry is a former employee who worked for Defendant as a driver from around January 18, 2021 to May 17, 2021. During this time, he earned an hourly wage around $17.00. Throughout his employment Plaintiff Perry worked between 50 and 70 hours per

week, and averaged around 60 hours per week. Despite consistently working over 40 hours each workweek, Defendant failed to pay Plaintiff Perry time and one-half overtime for all hours over 40.

27. Around Friday, May 14, 2021, all the drivers had a meeting with management about employee morale. Plaintiff Perry explained that the drivers were upset that the Defendant was not paying overtime for hours worked over 40 each week. Defendant agreed to begin implementing some form of overtime pay. On Monday, May 17, 2021, however, one of Defendant's managers, Greg Sutcliffe, called Plaintiff Perry into his office and, while cursing and calling Plaintiff Perry a "mothef**ker," fired him.

28. Plaintiff Carey Ryant is a former employee who worked for Defendant as a driver from around March 1, 2021 to May 24, 2021. During this time, Plaintiff Ryant earned an hourly wage around $17.00. Plaintiff Ryant worked between 50 and 60 hours per week, and averaged around 55 hours per week. Despite consistently working over 40 hours each workweek, Defendant failed to pay Plaintiff Ryant time and one-half overtime for all hours over 40.

29. Plaintiff Kevin Williams is a current employee who has worked for Defendant as a driver from around January 20, 2019 to the present. Plaintiff Williams earns an hourly wage around 17.00. Plaintiff Williams works between 55 and 90 hours per week, and averages around 75 hours per week. Despite consistently working over 40 hours each workweek, Defendant failed to pay, and continues to fail to pay, Plaintiff Williams time and one-half overtime for all hours over 40.

## COUNT I

**FAILURE TO PAY OVERTIME IN VIOLATION OF
SECTION 7(a) OF THE FLSA, 29 U.S.C. § 207(a)
(All Plaintiffs)**

30. Plaintiffs hereby incorporate by reference all previous paragraphs in their entirety.

31. Pursuant to Section 216(b) of the FLSA, Plaintiffs bring Count I on behalf of themselves and those similarly situated.

32. At all times material herein, during those workweeks in which Plaintiffs and others similarly situated worked in excess of 40 hours in a workweek, they have performed work activities without compensation at one and one-half times their regular rates of pay. Accordingly, as a result of these pay practices, Defendant has failed to provide Plaintiffs and those similarly situated with the rights and protections provided under Section 7(a) of the FLSA, 29 U.S.C. § 207(a).

33. Section 207 of the FLSA requires the payment of overtime compensation at the rate of one and one-half times an employee's regular rate of pay for all hours the employee is suffered or permitted to work in excess of 40 hours per week. Defendant has failed to comply with the overtime pay requirements of the FLSA by failing to compensate Plaintiffs and others similarly situated for work that they have been suffered or permitted to perform in excess of 40 hours in a workweek.

34. Defendant's violations of the FLSA were willful and in bad faith, as evidenced by Defendant's decision to have Plaintiffs and others similarly situated work over 40 hours in a workweek without providing overtime pay even after employees such as Plaintiffs Haynes and Perry inquired into why they were not receiving overtime pay, and as evidenced by Defendant's unlawful termination of Plaintiff Perry in retaliation for inquiring into his overtime pay.

35. Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover backpay damages and liquidated damages in an amount equal to their backpay damages, plus attorneys' fees and costs.

36. As a result of the Defendant's willful and purposeful violations of the FLSA, there has become due and owing to Plaintiffs an amount to be precisely determined at trial. Although

records may not be accurate, the employment and work records for Plaintiffs and those similarly situated are in the exclusive possession, custody and control of the Defendant. Accordingly, Plaintiffs are unable to state at this time the exact amount owing to them. Defendant is under a duty imposed by the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to Plaintiffs from which the amount of Defendant's liability can be ascertained in part.

## COUNT II

### RETALIATION IN VIOLATION OF
### SECTION 15(a) OF THE FLSA, 29 U.S.C. § 215(a)(3)
### (Plaintiff Perry)

37. Plaintiffs hereby incorporate by reference all previous paragraphs in their entirety.

38. Pursuant to Section 215(a)(3) of the FLSA, it is unlawful for an employer to retaliate against an employee for attempting to enforce their FLSA rights in the workplace.

39. After Plaintiff Perry sought to enforce his FLSA rights by complaining about the lack of overtime pay to Defendant, Defendant fired Plaintiff Perry in willful violation of Section 15(a) of the FLSA. 29 U.S.C § 215(a)(3). This action was malicious and done in bad faith to punish Plaintiff Perry for exercising his rights to receive fair wages in the workplace.

40. Pursuant to Section 216(b) of the FLSA, plaintiffs that have suffered retaliation are entitled to recover lost wages, liquidated damages, punitive damages, or any other legal and equitable relief necessary to implement the purposes of the FLSA.

41. As a result of the Defendant's willful and purposeful violation of the FLSA, there has become due and owing to Plaintiff Perry an amount to be precisely determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs hereby pray that this Court:

    (a)    Enter judgment that the Defendant has willfully violated its statutory obligations under the FLSA and deprived Plaintiffs of their rights under the FLSA;

    (b)    Order a complete and accurate accounting of all the compensation to which the Plaintiffs are entitled;

    (c)    Award Plaintiffs backpay equal to the unpaid overtime compensation owed for work performed up to and including the past three years, as allowed by statute;

    (d)    Award Plaintiffs liquidated damages equal to their unpaid overtime compensation required by law;

    (e)    Award Plaintiff Perry damages equal to the wages he reasonably lost due to Defendant's unlawful retaliation;

    (f)    Award Plaintiff Perry nominal and compensatory damages, and punitive damages against the Defendant, and such other damages necessary to effectuate the purposes of Section 215(a)(3) of the FLSA;

    (g)    Award Plaintiffs their reasonable attorneys' fees to be paid by the Defendant, as well as the costs and disbursements of this action; and

    (h)    Grant such other relief as may be just and proper.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demands that her claims be tried before a jury.

Respectfully submitted,

*s/ J. Scott Falls*
J. Scott Falls
Federal I.D. No. 10300
FALLS LEGAL, LLC
245 Seven Farms Drive, Suite 250
Charleston, South Carolina 29492
Phone: (843) 737-6040
Fax: (843) 737-6140
E-mail: scott@falls-legal.com

David Ricksecker*
DC Bar No. 483019
Ryan C. Cowdin*
DC Bar No. 1615039
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave., N.W.
Suite 1000
Washington, DC 20005
Phone: (202) 833-8855
E-mail: dr@mselaborlaw.com
E-mail: rcc@mselaborlaw.com

*Attorneys for Plaintiffs*
*Pro hac vice application forthcoming

Charleston, South Carolina
May 25, 2021